NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR MORALES-JASSO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    16-70122

Agency No. A030-224-184

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Salvador Morales-Jasso, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ") decision denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to remand. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Morales-Jasso's motion to remand to consider voluntary departure where he did not apply for such relief before the IJ and did not allege he was not given an opportunity to do so or that circumstances had changed. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (listing grounds on which a motion to reopen can be denied).

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal. *See Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012).

We also lack jurisdiction to consider Morales-Jasso's unexhausted contention that the IJ failed to inform him of the availability of voluntary departure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70122